### JANE P. MASSENGALE'S ADM'R *v.* MARCY C. MASSENGALE.

**Parent and Child.**

    A daughter, who from the age of ten or twelve years has been raised, maintained and educated by her father and stepmother until she reaches her majority, cannot recover for her services rendered them. Her support and maintenance must be deemed compensation for the services rendered.

APPEAL FROM MARION COURT OF COMMON PLEAS.

February 11, 1880.

OPINION BY JUDGE PRYOR:

The evidence conduces to show that the appellee resided with the father and stepmother until the death of the latter, and from the age of ten or twelve years had been raised, maintained and educated by them until she reached her majority. The services performed by her were only such as she should have been required to perform, and were not more arduous than those ordinarily imposed by parents under like circumstances. Her support and maintenance must be regarded as equivalent for the services rendered, and, if not, to establish the precedent that the child or the stepchild, who has been reared as this appellee was, can maintain an action for services rendered, would throw open the doors to a character of litigation that would be without limit, and conducing to annoy and harass those to whom the children were under an obligation to obey.

It was the duty of the father to provide servants for his family, if his circumstances in life justified it, and if not it was highly proper that they should be performed by his children. The father must be the judge of the necessity for supplying hired labor, and those working for him or his wife must look to the husband for payment. The fact that the stepmother owned the estate cannot imply an obligation on her part to pay, and in this case if appellee has any remedy it is against the father, but it must not be understood, by inference or otherwise, that this court so adjudges. Certainly a different state of facts must be presented than those contained in this record before either the father or stepmother can be held responsible. The court should refuse to allow the claim.

Judgment *reversed* and cause remanded for that purpose.

*Rountree & Lisle, for appellant.*

*Belden & Shuck, for appellee.*